UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES, | Case No. 1:11-cv-00093-EJL |
| Plaintiff, | 1:09-cr-00242-EJL |
| v. | **MEMORANDUM DECISION AND ORDER** |
| JANET ROSE SYLTEN, | |
| Defendant/Petitioner. | |

Before the Court is Defendant/Petitioner Janet Rose Sylten's Motion (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The motion is fully briefed and at issue. Being familiar with the record and having considered the briefing, the Court will deny the motion as set forth below.

**MEMORANDUM DECISION AND ORDER** – 1

# BACKGROUND

Defendant Sylten was indicted with Co-Defendant Russell Nuxoll on charges of Destruction of Government Property, and Theft of Government Property. (Indictment, Dkt. 1 in criminal case).[1] Sylten was represented by court-appointed counsel, Charles F. Peterson. (Minute Entry, Dkt. 11). Following a jury trial, Sylten was convicted on the destruction charge, but acquitted on the theft charge. (Jury Verdict, Dkt. 32). A pre-sentence investigation report was submitted, to which Sylten's counsel objected. (Objection, Dkt. 38). At sentencing, the Court ordered 18 months of incarceration, a $100 special assessment, three years of supervised release, and $61,462 in restitution. (Judgments, Dkts. 43, 46).

Sylten's Co-Defendant, Nuxoll, timely appealed (Not. of Appeal, Dkt. 47); Sylten did not. The Ninth Circuit vacated Nuxoll's restitution order, upon a joint motion for summary reversal, and remanded for re-sentencing. (Order, Dkt. 61). The Court re-sentenced Nuxoll on February 28, 2011 (Minute Entry, Dkt. 63), and amended the judgments as to both Nuxoll and Sylten (Am. Judgments, Dkts. 65, 66). Nuxoll and Sylten were each ordered to pay the amended amount of $45,984 in restitution. (Id.).

On March 9, 2011, Sylten filed this motion under § 2255, asserting the following grounds to vacate or set aside her sentence: (1) ineffective assistance of counsel for failing to appeal her conviction and sentence; (2) ineffective assistance of counsel for withholding evidence from the jury; and (3) wrongful sentence.

---

[1] Throughout the Background section of this decision, docket entries refer to those entered in Defendant's criminal matter, Case No. 1:09-cr-00242-EJL, unless otherwise indicated.

**MEMORANDUM DECISION AND ORDER** – 2

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States;" (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law;" or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b). Further, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied,* 470 U.S. 1058 (1985) (citations omitted); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . ." Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Court.  Thus, in order

**MEMORANDUM DECISION AND ORDER** – 3

to withstand summary dismissal of his motion for relief under § 2255, the defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).

Where a motion under § 2255 is based on alleged constitutional or jurisdictional error, one must be careful to distinguish mere errors of law or fact. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982). If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Hill*, 368 U.S. at 428).

Section 2255 is not a substitute for appeal. *Addonizio*, 442 U.S. at 184. "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981). Where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless he can demonstrate cause for and prejudice from the procedural default, or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (2003)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). However, when a particular issue "has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)(citations omitted).

**MEMORANDUM DECISION AND ORDER** – 4

## ANALYSIS

**1.     Request For Hearing**

In her Reply, Sylten requests a hearing on her motion. (Reply, Dkt. 9). Where a petitioner's allegations, "viewed against the record, fail to state a claim for relief," or where summary dismissal is otherwise warranted, the Court may deny an evidentiary hearing. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)(citations omitted). In a § 2255 motion, conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

As more fully expressed below, the Court finds that Sylten's allegations, when viewed against the record, fail to state a claim for relief. Accordingly, the Court finds a hearing is not warranted, and will summarily dismiss Sylten's claims.

**2.      Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is a basis for habeas relief, and need not be raised on direct appeal to preserve the issue for collateral attack. *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011)(citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)). Sylten has the burden of proving ineffective assistance of counsel, by showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984).

In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). A difference of opinion as to trial tactics will not satisfy a finding of

**MEMORANDUM DECISION AND ORDER** – 5

ineffectiveness.  *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981).  Regarding prejudice, the court considers "the totality of the evidence . . . and presume[s] that the judge or jury acted according to law."  *Strickland*, 466 U.S. at 695.

According to Sylten, her counsel was ineffective in (1) failing to appeal her conviction and sentence; and (2) withholding evidence from the jury.

> **A.     Failure to Appeal**

Sylten contends that her counsel performed deficiently by leading her to believe she "had nothing to appeal after [ ] sentencing."  (Mot., Dkt. 1 at 2-3).  Sylten offers no further factual evidence to support her conclusion that counsel was ineffective in failing to properly advise her regarding a possible appeal.

In an affidavit, Sylten's counsel, Charles Peterson, attests that he met with Sylten after the jury verdict to discuss the outcome and Sylten's interests in filing an appeal.  (Peterson Aff., Dkt. 8-1 at 1).  Counsel further states that he advised Sylten that she would have 10 days following entry of Judgment to file a notice of appeal, and that he would do so if she so requested.  (Id.).  According to counsel, Sylten told him at that time, and again just prior to sentencing, that "she wanted to get on with her life and that she was not likely to appeal."  (Id.).  After sentencing, counsel states that he advised he did not believe there were errors in trial that might result in the verdict being overturned, but that he would appeal if she wanted; in response, Sylten reiterated that she wanted the matter over, and did not feel that appeal would be worth the effort.  (Id.).  Counsel reminded Sylten that , if she changed her mind, she had 10 days to file a notice of appeal.  (Id.).  Counsel did not hear back from Sylten and assumed she had decided not to appeal.

**MEMORANDUM DECISION AND ORDER** – 6

Notably, Sylten does not contradict anything in her counsel's affidavit. That Sylten decided not to appeal based on advice and consultation from her counsel does not, by itself, indicate any deficiency by counsel. A defendant "has the ultimate authority to [decide] . . . whether to plead guilty, waive a jury, testify in his or her own behalf, or to take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). To show ineffectiveness with respect to her decision not to appeal, Sylten must show that there was a basis for appeal about which counsel failed to advise her, and that such failure was objectively unreasonable. The only allegation articulated by Sylten is counsel's "withholding [of] evidence." (Mot., Dkt. 1 at 4).

### B.  Failure to Present Evidence to Jury

Sylten asserts that she presented counsel with a Bureau of Land Management (BLM) information guide and handbook, and information from the BLM State Office about the Snoose mine. (Mot., Dkt. 1 at 4). Sylten faults counsel for failing to present this evidence to the court or jury, and failing to appeal – presumably on the issue of having failed to present the evidence. (Id.).

According to Sylten's counsel, he used information provided by Sylten as a starting point in researching for the case. (Peterson Aff., Dkt. 8-1 at 2). Counsel also contacted a number of people identified by Sylten as possible witnesses. (Id.). Counsel determined that the information and contacts did not offer applicable assistance for the facts and issues in Sylten's case. (Id.).

There is no constitutional right for a defendant to require presentation of points that counsel decides, in his or her professional judgment, not to pursue. *Jones*, 463 U.S.

**MEMORANDUM DECISION AND ORDER** – 7

at 751. Counsel has the ultimate responsibility for his or her client's defense at trial, and therefore must have "wide latitude . . . in making tactical decisions" without need to consult the defendant. *Strickland*, 466 U.S. at 689; *see also Wainwright v. Sykes*, 433 U.S. 72, 93 (1977). Given the allegations by Sylten and the record before the Court, there is simply no support for Sylten's contention that counsel's performance fell below a standard of objective reasonableness. Sylten's conclusory allegations lack the specificity or substance to warrant a conclusion to the contrary. *Strickland*, 466 U.S. 668, 689. The Court therefore rejects Sylten's ineffective assistance of counsel argument.

3.     **Procedural Default of Wrongful Sentence Claim**

Although claims of ineffective assistance of counsel may be raised under § 2255, the Supreme Court has said that collateral attack through "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Reed v. Farley*, 512 U.S. 339, 354, (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178, (1947)). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979). As noted above, where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless the defendant can demonstrate cause for and prejudice from the procedural default, or actual innocence. *Ratigan*, 351 F.3d at 962 (citing *Bousley*, 523 U.S. at 622).

Sylten did not file a direct appeal after her sentencing. In her motion, she does not assert actual innocence. Although she attempts to fault counsel for her failure to appeal, she acknowledges that the decision not to appeal was hers. (Mot., Dkt. 1 at 3). As

**MEMORANDUM DECISION AND ORDER** – 8

discussed above, the Court finds no support for Sylten's assertion that counsel performed deficiently in advising or otherwise representing Sylten. There being no dispute that Sylten chose not to appeal, she cannot show cause for her failure to raise her claim of wrongful sentence on direct appeal.

Even if she could demonstrate cause, Sylten fails to show prejudice from her failure to appeal. Sylten's "wrongful sentence" argument appears to attribute the destruction of government property that resulted from Sylten's actions, to a mistake by the Department of the Interior. (Mot., Dkt. 1 at 5). In other words, Sylten challenges that she was sentenced in keeping with federal law.

As expressed above, where – as here – petitioner alleges an error of law, § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Addonizio*, 442 U.S. at 185 (citing *Hill*, 368 U.S. at 428). Sylten clearly disagrees with the jury's finding that she is guilty of destruction of government property. But her disagreement, without more, fails to satisfy a showing of a fundamental defect or complete miscarriage of justice.

For the foregoing reasons, the Court rejects Sylten's claims, and will deny her Motion.

**MEMORANDUM DECISION AND ORDER** – 9

## ORDER

**IT IS ORDERED THAT** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) is **DENIED**, and this matter is DISMISSED in its ENTIRETY.

DATED: **December 7, 2011**

Honorable Edward J. Lodge
U. S. District Judge